```
 1 │ ANDRÉ BIROTTE JR.
   │ United States Attorney
 2 │ ROBERT E. DUGDALE
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ STEVEN R. WELK
 4 │ California Bar No. 149883
   │ Assistant United States Attorney
 5 │ Chief, Asset Forfeiture Section
   │ JONATHAN GALATZAN
 6 │ California Bar No. 190414
   │ Asset Forfeiture Section
 7 │    Federal Courthouse, 14th Floor
   │    312 North Spring Street
 8 │    Los Angeles, California 90012                    JS-6
   │    Telephone:  (213) 894-2727
 9 │    Facsimile:  (213) 894-7177
   │    E-mail: Jonathan.Galatzan@usdoj.gov
10 │
   │ Attorneys for Plaintiff
11 │ United States of America
```

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>            Plaintiff,       )<br>                             )<br>       v.                    )<br>                             )<br> $88,920.00 IN U.S. CURRENCY,)<br>                             )<br>            Defendant.       )<br>_____) | NO.  CV 12-6322 JFW (SPx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

Plaintiff and potential Claimant Pedro Dominguez ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.  The defendant currency was seized from Claimant, and he asserts an interest in the defendant currency, but has not filed a claim in this case or answered the complaint.  However, Claimant would

have filed a claim and answer in this case absent this settlement. No other claims or answers were filed, and the time for filing claims and answers has expired. No other person is believed to have any claim to the defendant currency.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. No claims or answers have been filed to contest the forfeiture of the defendant currency, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant currency. Any potential claimants to the defendant currency other than Claimant are deemed to have admitted the allegations of the complaint with respect to the defendant currency.

2. $4,500.00 of the defendant U.S. Currency, without interest, shall be returned to Claimant through his counsel. The United States Marshals Service shall return the defendant $4,500.00 to claimant not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimant provides to the government the bank routing and personal identifiers needed to effect a wire transfer of the funds, whichever is later.

3. The government shall have judgment against the interests of Claimant (and any potential claimants) as to the remaining

```
 1  $84,420.00 of the defendant U.S. currency, which asset is hereby
 2  forfeited and condemned to the United States, and no other right,
 3  title or interest shall exist therein.  The government shall
 4  dispose of the forfeited asset according to law.
 5       4.   Claimant has agreed to release the United States of
 6  America, its agencies, agents, and officers, including employees
 7  and agents of the Drug Enforcement Administration ("DEA"), as
 8  well as all agents, officers, employees and representatives of
 9  any state or local government or law enforcement agency involved
10  in the investigation or prosecution of this matter, from any and
11  all claims, actions or liabilities arising out of or related to
12  the seizure and retention of the defendant currency and/or the
13  commencement of this civil forfeiture action, including, without
14  limitation, any claim for attorneys' fees, costs or interest
15  which may be asserted on behalf of Claimant against the United
16  States, whether pursuant to 28 U.S.C. § 2465 or otherwise.
17       5.   The court finds that there was reasonable cause for the
18  seizure of the defendant currency and the institution of this
19  action as to the defendant currency.  This judgment constitutes a
20  certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as
21  to the defendant currency.
22  ///
23
24       6.   Each of the parties shall bear its own fees and costs in
25  connection with the seizure, retention and return of the
26  defendant currency.
27  DATED: October 22, 2012            [signature: John F. Walter]
28                                3
```

```
                        _____
                        THE HONORABLE JOHN F. WALTER
                        UNITED STATES DISTRICT JUDGE
```

cc: FISCAL, USM

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/ Jonathan Galatzan
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section